### COMMONWEALTH *vs.* WILLIAM P. SHAW & others.

It is the privilege of a witness, and not the right of the party against whom he is called, to object to his giving evidence to criminate himself; and it is not the duty of the judge, upon the interposition of such party, and independent of any objection of the witness, to inform the latter of the rule of law that he is not bound to criminate himself.

ON the trial of this indictment before *Perkins*, J., in the court of common pleas, John B. Frye, who was also indicted for the same offence, was called as a witness for the prosecu-

tion, and made no objection to testifying. But, before any question was put to him by the district attorney, the defendants' counsel, on their behalf, requested the judge to inform the witness, that he was not bound to criminate himself; claiming it as the right of the defendants to interpose, and to require of the court that this information should be given. The judge refused to give the information, on the claim of right by the defendants to interpose for this purpose, and on their objection, the witness himself making no objection; but the judge did not refuse to give the information requested, on the demand and as the right of the witness.

The defendant, being convicted by the jury, alleged exceptions to the ruling above stated.

*O. P. Lord,* for the defendants.

*Clifford,* attorney general, for the commonwealth.

DEWEY, J. The privilege of a witness, in not being compellable to answer any questions that may tend to criminate himself, is unquestioned, and was so held by the presiding judge. The only question raised upon this bill of exceptions is, whether the defendant had a right to interpose the objection, and require the judge to state the rule of law on the subject, independent of any objection taken by the witness himself. Upon this point the law is very well settled, that the privilege of declining to answer questions propounded to a witness, on the ground that the answer will have a tendency to expose him to personal liability, or to punishment on any criminal charge, is the privilege of the witness, and not of the party against whom he is called to testify. 1 Greenl. Ev. § 451; *Thomas* v. *Newton,* 1 M. & Mal. 48, note; *Rex* v. *Adey,* 1 M. & Rob. 94. The case of *Commonwealth* v. *Kimball,* 24 Pick. 366, 369, is not in conflict with the principle of law above stated. The court, in giving their opinion in that case, very distinctly assume as a part of the facts in the case, that the objection was taken originally by the witness, and not by the party on trial. A further opinion held in that case was, that if the witness does thus claim his privilege, but the court improperly deny the same, and require the witness to answer, exceptions to such ruling of the court

may properly be taken by the party on trial. The principle there stated went no further than this, that where the privilege was seasonably claimed by the proper party, and not allowed, the verdict was not obtained upon legal evidence, and therefore might be set aside. It would seem also to be the only mode practicable for revising such decision, thus to present the question upon a bill of exceptions taken by the defendants. The case of the *Commonwealth* v. *Kimball*, however, really required no adjudication upon this point, as the court held, that there was no legal ground for any objections to the ruling of the court of common pleas, the answer of the witness having no tendency to criminate himself. Upon the question now presented, the court are of opinion that there is no ground for sustaining the exceptions.